Wolters Kluwer

EXHIBIT A

**CT Corporation**
**Service of Process Notification**
04/15/2025
CT Log Number 548902447

## Service of Process Transmittal Summary

**TO:** Maria Osusa
Otis Elevator Company
ONE CARRIER PLACE
FARMINGTON, CT 06032-2572

**RE:** **Process Served in Florida**

**FOR:** Otis Elevator Company (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LAVONNE WALKER // To: Otis Elevator Company |
| **CASE #:** | 25CA003350 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/15/2025 at 14:53 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/16/2025, Expected Purge Date: 04/21/2025<br><br>Image SOP<br><br>Email Notification, Brenda Jacobs brenda.jacobs@otis.com<br><br>Email Notification, Maria Osusa maria.osusa@otis.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Apr 15, 2025
**Server Name:** CHRISTOPHER YEOMAN

| | |
|---|---|
| Entity Served | OTIS ELEVATOR COMPANY |
| Case Number | 25-CA-003350 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |

DATE 4/15/25
TIME 245pm
Served by C.Y. sps#262

Filing # 220920517 E-Filed 04/14/2025 10:26:49 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

LAVONNE WALKER,

Plaintiff,

v.

CASE NO. 25-CA-003350
**DIVISION: D**

OTIS ELEVATOR COMPANY, a foreign profit corporation,

Defendant.
______________________________/

**SUMMONS**

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in the above styled cause upon the following defendant, to-wit:

by serving: **OTIS ELEVATOR COMPANY**
**C T CORPORATION SYSTEM, Registered Agent**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

Said defendant is required to serve written defenses to the Complaint on Douglas W. Tuttle, Esq., Plaintiff's attorney, whose address is:

Tuttle Larsen, P.A.
3617 20th Street
Vero Beach, FL 32960

within 20 days after service of this Summons on said defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

WITNESS my hand and the seal of said Court this **April 14, 2025**

VICTOR D. CRIST
Clerk of Court

(COURT SEAL) CLERK OF CIRCUIT COURT & COMPTROLLER HILLSBOROUGH COUNTY, FL

BY: Alina Kountz
Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written responses to the "Plaintiff/Plaintiff's Attorney" named below:

**Tuttle Larsen, P.A.**
**3617 20th Street**
**Vero Beach, FL 32960**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la llamada telefonica no lo protegera; si usted desea que el tribunal incluyendo el numero del caso y las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del trunal. Existen otros requisitos legales. Si lo desea, puede abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandate o Abogado del Demanadante).

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrita a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de letelphone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la caus ainsi que votre salaire, votre argent, et vos biens peuvent etre saisais par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vour ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocipie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

CASE NO.

LAVONNE WALKER,

Plaintiff,

vs.

OTIS ELEVATOR COMPANY, a foreign profit corporation,

Defendant.
_______________________________/

**COMPLAINT**

Plaintiff, LAVONNE WALKER, sues Defendant, OTIS ELEVATOR COMPANY, a foreign profit corporation, and alleges:

1. This is an action for damages which exceed $50,001.00, exclusive of costs, interest and attorneys' fees.

2. Plaintiff, LAVONNE WALKER, at all times material to this action, was a resident of Indian River County, Florida.

3. Defendant, OTIS ELEVATOR COMPANY, a foreign profit corporation, at all times material to this action, was a New Jersey profit corporation registered to do and doing business in the State of Florida.

4. At all times material to this action, Defendant, OTIS ELEVATOR COMPANY, a foreign profit corporation, conducted business at the Seminole Hard Rock Hotel & Casino at 5223 Orient Road, Tampa, Hillsborough County, Florida.

5. At all times material hereto, Defendant, OTIS ELEVATOR COMPANY, was in the business of manufacturing, installing, inspecting and maintaining elevators; and manufactured, installed, inspected, and maintained the elevators at the Seminole Hard Rock Hotel & Casino located at 5223 Orient Road, Tampa, Hillsborough County, Florida.

6. On or about June 8, 2023, Plaintiff, LAVONNE WALKER, was an invitee at the aforementioned Seminole Hard Rock Hotel & Casino.

7. On that date, Plaintiff, LAVONNE WALKER, entered the elevator with her luggage, pushed the button for the parking garage floor, and the elevator began to descend.

8. As the elevator descended, it began to violently shake and jolt, ultimately dropping suddenly and stopping on the eighth floor.

**COUNT I- NEGLIGENCE AGAINST OTIS ELEVATOR COMPANY**

9. Plaintiff incorporates by reference paragraphs 1 through 8 as if fully set forth herein, and further alleges:

10. At all times material hereto, Defendant, OTIS ELEVATOR COMPANY, owed a duty to Plaintiff to exercise reasonable care to maintain the subject elevator in a reasonably safe condition and assumed the responsibility for the safe operation and proper maintenance of the subject elevator.

11. The subject elevator was intended for the use of Seminole Hard Rock Hotel & Casino's patrons, guests, and invitees, including

Plaintiff, LAVONNE WALKER, for the purpose of moving them from floor to floor within the building.

12. Defendant, OTIS ELEVATOR COMPANY, further owed a duty to Plaintiff to warn Plaintiff of perils which were or should have been known to Defendant.

13. Defendant breached its duties to Plaintiff in one or more of the following respects including but not limited to:

a. Negligently creating or causing to exist a dangerous condition, a malfunctioning elevator;

b. Negligently failing to maintain safe operation of the subject elevator and elevator system;

c. Negligently failing to maintain the subject elevator in a reasonable safe condition by creating and/or permitting to exist a dangerous, hazardous, and unsafe condition in the subject elevator;

d. Negligently failing to exercise reasonable care in maintaining the subject elevator;

e. Negligently failing to inspect the subject elevator;

f. Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the elevator;

g. Negligently failing to warn Plaintiff of the latent perils on the elevator in question which were or should have been known to Defendant;

h. Negligently failing to anticipate the harm caused to Plaintiff;

i. Negligently failing to take reasonable measures to correct this dangerous, hazardous, and unsafe condition in the subject elevator; and

j. Negligently failing to take other measures which were necessary and reasonable to protect Plaintiff.

14. Defendant, OTIS ELEVATOR COMPANY, breached one or more of the above duties and as a direct and proximate result thereof, the elevator malfunctioned thereby causing Plaintiff serious injuries.

15. As a direct and proximate result of Defendant, OTIS ELEVATOR COMPANY's breach of the above duties, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, loss of earnings and ability to earn monies both in the past and in the future, and aggravation of a pre-existing condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, LAVONNE WALKER, demands judgment against Defendant, OTIS ELEVATOR COMPANY, a foreign profit corporation, for damages, costs of this action, and such other and further relief as this Court may deem meet and just.

**DATED** this 14th day of April, 2025.

TUTTLE LARSEN, P.A.

/s/ Jon Jacob H. Ashenback
Douglas W. Tuttle, Esquire
Florida Bar No. 0956066
dtuttle@verobeachinjurylaw.com
Jesse H. Larsen, Esquire
Florida Bar No. 86062
jlarsen@verobeachinjurylaw.com
Jon Jacob H. Ashenback, Esquire
Florida Bar No. 1031420
jjashenback@verobeachinjurylaw.com
3617 20th Street
Vero Beach, Florida 32960
(772) 563-0032
(772) 563-2134(FAX)
Attorneys for Plaintiff

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

LAVONNE WALKER

Plaintiffs,

v. Case Number: 25-CA-003350
Division D

OTIS ELEVATOR COMPANY

Defendants.

______________________________

**DIFFERENTIATED CASE MANAGEMENT ORDER AND NOTICE OF HEARING ON 11/6/2025 AT 10:30 AM**

**(GENERAL CIRCUIT CIVIL CASES FILED ON OR AFTER JANUARY 1, 2025)**

THIS CAUSE comes before the Court in accordance with Florida Rule of Civil Procedure 1.200 and Thirteenth Judicial Circuit Administrative Order S-2024-085 (*Circuit Civil Differentiated Case Management Plan*) (the "**Case Management Plan**") or any successor administrative order.

Accordingly, it is now

**FOUND, ORDERED**, and **ADJUDGED** that:

1. **Designation of Case.** This case is preliminarily designated as a *General* civil case, as defined by Florida Rule of Civil Procedure 1.200.

2. **Plaintiff's Obligation to Serve DCM Order on All Defendants.** Consistent with the Case Management Plan, this Differentiated Case Management Order and Notice of Hearing (the "**DCM Order**") has been generated automatically upon the filing of the complaint and must be provided to Plaintiff along with the summons. Plaintiff is **DIRECTED** to serve the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

3. **Conformity with Time Standards.** The deadlines established in this DCM Order are set in contemplation of the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.** Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

   a. Filing a motion in accordance with Florida Rule of Civil Procedure 1.200(e)(3) and setting it for hearing; or

   b. Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order. The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**"). Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date.** The deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B). A firm trial date will be set through entry of a Uniform Order Setting Trial and Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.** It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

   a. **Date and Time for Court-Ordered Case Management Set Below.** A date and time for the Court-Ordered Case Management Conference is set below.

   b. **Method of Conducting Court-Ordered Case Management Conference:** The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

      The Court's Zoom link is https://zoom.us/j/3058068636 and Zoom Meeting ID is 305-806-8636. No additional password is required for attendance.

   c. **Attendance Mandated.** Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

   d. **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

      i. **Automatic Excusal.**

1. Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial and Pretrial has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

2. Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial and Pretrial is signed.

ii. **Discretionary Excusal.**

1. Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing their attendance on one of the following grounds:

a. The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, AND the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

b. Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Case Management Plan.

e. **Failure to Attend Court-Ordered Case Management Conference.** The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7. **Firm Trial Date to be Set by Uniform Order Setting Trial and Pretrial.** Once a firm trial date is selected, counsel will be directed to prepare and submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial and Pretrial, which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Uniform Order Setting Trial and Pretrial will require calculation of additional deadlines in a specified manner.

8. **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.** Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of Administrative Order S-2024-046 (*Circuit Civil Division*), and any successive administrative order.

9. **Certificate of Conferral for Non-Dispositive Motions.**

    a. **When Required.** Parties are required to confer prior to filing motions in accordance with Florida Rule of Civil Procedure 1.202.

    b. **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.** Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

    c. **Form of Certificate of Conferral.** The certificate of conferral should be substantially in the following form:

    **Certificate of Conferral Prior to Filing**

    ***"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by*** *[date and method of communication (select one of the following: in person, telephone, or video conference)]* ***with the opposing party or counsel and*** *[the opposing party or counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)]*.***"***

10. **Discovery Provisions.**

    a. **Fact Discovery.**

        i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

        ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

        iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

    b. **Expert Discovery.**

        i. Expert disclosure must occur by the deadline indicated below.

ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

2. For each expert:

a. Identify the expert's area of expertise;

b. Identify the subject matter on which the expert is expected to testify;

c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

d. Summarize the grounds for each opinion.

iii. The court may preclude an expert from testifying outside of the disclosed opinions.

iv. All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

v. It is the responsibility of counsel to select experts who:

1. Are prepared to make themselves available for deposition within the expert discovery period; and

2. Are prepared to respond promptly to requests for deposition dates.

vi. If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| **Action or Event** | **Date** |
|---|---|
| **Complaint filing date.** | 04/14/2025 |
| **Deadline for service of complaint.** | 08/12/2025 |

| | |
|---|---|
| [120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | |
| **Deadline for adding parties.**<br>[150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 09/11/2025 |
| **Deadline for service under extensions.**<br>[180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 10/13/2025 |
| **Deadline for filing all objections to pleadings.**<br>[180 days after filing of complaint.] | 10/13/2025 |
| **Deadline for resolution of all objections to pleadings.**<br>[200 days after filing of complaint.] | 10/31/2025 |
| **Court-Ordered Case Management Conference.**<br>NOTE: This hearing will be conducted remotely. Please see paragraph 6(b) for connection instructions.<br>[210 days after filing of complaint.] | 11/06/2025<br>At<br>10:30 AM |
| **Deadline for completion of fact discovery.**<br>[270 days after filing of complaint.] | 01/09/2026 |
| **Deadline for filing motion to compel discovery.**<br>[284 days after filing of complaint.] | 01/23/2026 |
| **Plaintiff's expert disclosure deadline.**<br>[300 days after filing of complaint.] | 02/09/2026 |
| **Defendant's expert disclosure deadline.**<br>[330 days after filing of complaint.] | 03/10/2026 |
| **Rebuttal expert disclosure deadline.**<br>[344 days after filing of complaint.] | 03/24/2026 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").**<br>[390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 05/11/2026 |

| | |
|---|---|
| **Deadline for filing and service of motions for summary judgment.**<br>[400 days after filing of complaint.] | 05/19/2026 |
| **Deadline for completion of alternative dispute resolution.**<br>[420 days after filing of complaint.] | 06/08/2026 |
| **Deadline for completion of expert discovery.**<br>[420 days after filing of complaint.] | 06/08/2026 |
| **Deadline for filing of all pretrial motions excluding motions in limine.**<br>[450 days after filing of complaint.] | 07/08/2026 |
| **Deadline for resolution of all pretrial motions, including motions for summary judgment and *Daubert* motions but excluding motions in limine.**<br>[500 days after filing of complaint.] | 08/27/2026 |
| **Deadline for filing of all motions in limine.**<br>[520 days after filing of complaint.] | 09/16/2026 |
| **Deadline for resolution of all motions in limine.**<br>[539 days after filing of complaint.] | 10/05/2026 |
| **Month and year of the projected trial term.**<br>[540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial and Pretrial (Revised January 1, 2025).] | October, 2026 |

ENTERED by the undersigned judge on the date imprinted below.

25-CA-003350 4/14/2025 11:47:03 AM

Circuit Judge

25-CA-003350 4/14/2025 11:47:03 AM